```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY GRICE,

                 Plaintiff,
                                           MEMORANDUM & ORDER
       -against-                           17-CV-0476(JS)(ARL)

NASSAU COUNTY CORRECTION CENTER
and OFFICER SPERLING,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Anthony Grice, pro se
                    9609048
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On January 23, 2017, incarcerated pro se plaintiff Anthony Grice ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correction Center ("the Jail"), and Officer Sperling (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summons and Complaint upon Officer Sperling by the United States Marshal

Service ("USMS").[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __6__, 2017
       Central Islip, New York

---

[1] Plaintiff's claims against the Jail are not plausible because the Jail has no independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Trahan v. Suffolk Cty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus, Plaintiff's claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE.