UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ANTHONY GRICE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       17-CV-0476(JS)(ARL)

NASSAU COUNTY CORRECTIONAL
CENTER and OFFICER SPERLING,

                    Defendants.
--------------------------------X
ANTHONY GRICE,
                    Plaintiff,


        -against-                       17-CV-1232(JS)(ARL)

OFFICER SPERLING, NASSAU COUNTY
SHERIFF'S DEPARTMENT, COUNTY OF
NASSAU, and MICHEAL [SIC] SPOSATO,


                    Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:              Anthony Grice, <u>pro se</u><sup>1</sup>
                           17R0458
                           Ulster Correctional Facility
                           750 Berme Road
                           P.O. Box 800
                           Napanoch, New York 12458

                           Downstate Correctional Facility
                           121 Red Schoolhouse Road
                           P.O. Box F
                           Fishkill, New York 12524

For Defendants:
Officer Sperling           Liora M. Ben-Sorek, Esq.

---

<sup>1</sup> The Court received a letter dated February 26, 2017 indicating
that his address had changed; however, this letter was not
docketed on 17-CV-0476 as directed but was docketed only on 17-
CV-1232. On June 19, 2017, the Court received a letter from
Plaintiff indicating that he is at Downstate Correctional
Facility. The Clerk of the Court is directed to mail a copy of
this Order to both addresses and the Plaintiff is directed to
immediately notify the Court of his correct mailing address.

Nassau County Attorney's Office
One West Street
Mineola, New York 11501

Nassau County Sheriff's
Department, County of
Nassau, and Michael J.
Sposato                No appearances.

SEYBERT, District Judge:

On January 23, 2017, incarcerated <u>pro se</u> plaintiff Anthony Grice ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Center ("the Jail") and Officer Sperling (together, "Defendants"), alleging, <u>inter alia</u>, that he was assaulted on January 4, 2017 while incarcerated at the Jail. (<u>See</u> the "First Complaint", <u>Grice v. Nassau Cty. Corr. Ctr.</u>, No. 17-CV-0476.) By Memorandum and Order dated February 6, 2017, the Court granted Plaintiff's application to proceed <u>in forma pauperis</u>, dismissed Plaintiff's claims as against the Jail, and ordered service of the summons and complaint upon Officer Sperling. (<u>See</u> Mem. & Order, Docket Entry 6.) On March 29, 2017, Officer Sperling filed an Answer to the Complaint, (Ans., Docket Entry 10) and, on March 30, 2017, Magistrate Judge Arlene R. Lindsay entered a discovery scheduling order (Scheduling Order, Docket Entry 11). However, the Scheduling Order that was mailed to Plaintiff was returned and marked "Return to Sender", "Unable to Forward", and "Unclaimed." (<u>See</u> Docket Entry 15.)

On February 23, 2017, Plaintiff filed another Complaint

against Officer Sperling and has included as additional Defendants: (1) the Nassau County Sheriff's Department (the "Sheriff's Department"); (2) the County of Nassau ("Nassau County"); and (3) Michael J. Sposato ("Sheriff Sposato") ("the Second Complaint"). The Second Complaint (assigned Docket Number 17-CV-1232) seeks to challenge the same January 4, 2017 incident described in the First Complaint.

Upon review of the declaration in support of the application to proceed in forma pauperis filed together with the Second Complaint, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's claims against the Sheriff's Department are DISMISSED WITH PREJUDICE and against Nassau County and Sheriff Sposato are DISMISSED WITHOUT PREJUDICE. Because the remaining claims against Officer Sperling in the Second Complaint are repetitive of the claims alleged in the First Complaint and are against the same Defendant, the Court consolidates them under the first-filed Complaint, 17-CV-0476, and DIRECTS that the case assigned docket number 17-CV-1232 be CLOSED. All future filings shall be made only under docket number 17-CV-0476. Accordingly, the Court ORDERS service of the Summons and Second Complaint upon Officer Sperling by the United States Marshal Service ("USMS").

Plaintiff's Second Complaint is submitted on the Court's Section 1983 Complaint and is brief. The Statement of Claim is a single sentence:

> January 4, 2017 I was leaving medical when a known gang member enter an argument and fight with me, upon a tussel insued I was grabbed by Officer Sperling by my shirt and neck and thrown to the floor with my head hitting the wall and busting open leaving a 3 inch gash needing 8 staples to close.

(Compl. ¶ IV.) Plaintiff alleges: "My head, neck, back, and shoulder in which required 8 staples to close the wound I have headaches and my neck, back, and shoulder are in constant pain." (Compl. ¶ IV.A.) For relief, Plaintiff seeks "monetary, procedure changes, repremand, therapy and medical treatment." (Compl. ¶ V.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

---

[2] The following facts are taken from Plaintiff's Second Complaint and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the Second Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S.

at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

[e]very person who, under color of any
statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes
to be subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, 566 U.S. 356, 361, 132

S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim

under Section 1983, a plaintiff must "'allege that (1) the

challenged conduct was attributable at least in part to a person

who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed under the Constitution

of the United States.'" <u>Rae v. Cty. of Suffolk</u>, 693 F. Supp. 2d

217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53

(2d Cir. 1999)).

A. <u>Claims Against Sheriff Sposato</u>

In order to state a claim for relief under Section 1983

against an individual defendant, a plaintiff must allege the

personal involvement of the defendant in the alleged constitutional

deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The

Supreme Court held in <u>Iqbal</u> that "[b]ecause vicarious liability is

inapplicable to . . . [section] 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own

6

individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's sparse Second Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Sheriff Sposato regarding the events alleged in the Complaint. In fact, apart from the caption, Sheriff Sposato is not again mentioned in the body of the Second Complaint. (See generally, Second Compl.) Thus, it appears that Plaintiff seeks to impose liability against Sheriff Sposato solely based on the supervisory position he holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by this Defendant in the unlawful conduct of which Plaintiff complains. A supervisor cannot be held liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims against Sheriff Sposato are not plausible and

are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. <u>Claims Against the Sheriff's Department</u>

Plaintiff's claims against the Sheriff's Department are not plausible because it has no independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see</u> <u>also</u> <u>Hawkins v. Nassau Cty. Corr. Fac.</u>, 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); <u>Trahan v. Suffolk Cty. Corr. Fac.</u>, 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus, Plaintiff's claims against the Sheriff's Department are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

C. <u>Claims Against Nassau County</u>

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a <u>respondeat superior</u>

theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the

municipal employees.  <u>Moray v. City of Yonkers</u>, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the Second Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County.  Accordingly, Plaintiff's Second Complaint does not allege a plausible Section 1983 claim against Nassau County and is thus DISMISSED WITHOUT PREJUDICE as against Nassau County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, however the Second Complaint is <u>sua</u> <u>sponte</u> DISMISSED WITH PREJUDICE as against the Sheriff's Department and WITHOUT PREJUDICE as against Sheriff Sposato and Nassau County for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff's claims against Officer Sperling shall proceed and the Clerk of the Court shall issue a summons for Officer Sperling and forward the summons together with copies of the Second Complaint and this Order to the USMS for service upon Officer Sperling forthwith.

Because the remaining claims against Officer Sperling in the Second Complaint are repetitive of the claims alleged in the First Complaint and are against the same Defendant, the Court consolidates them under the first-filed Complaint, 17-CV-0476, and

DIRECTS that the case assigned docket number 17-CV-1232 be CLOSED. All future filings shall be made only under docket number 17-CV-0476. Additionally, as outlined supra, at 1 n.1, the Clerk of the Court is directed to update Plaintiff's address to Ulster Correctional Facility and mail a copy of this Order to both facilities. As Plaintiff's two cases are now consolidated, Plaintiff is directed to immediately notify the Court of his correct mailing address in 17-CV-0476.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __2__, 2017
       Central Islip, New York