```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY GRICE,

                    Plaintiff,
                                                ORDER
          -against-                             17-CV-0476(JS)(ARL)

OFFICER SPERLING, COUNTY OF NASSAU,
NASSAU COUNTY SHERRIFF'S DEPARTMENT,
NASSAU COUNTY CORRECTIONAL FACILITY,
CORRECTION OFFICERS JOHN DOE 1-10, and
ARMOR CORRECTIONAL HEALTH SERVICES, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Anthony Grice, pro se
                        113-33 204th Street
                        St. Albans, New York 11412

For Nassau County       Liora M. Ben-Sorek, Esq.
Defendants:             Nassau County Attorney's Office
                        One West Street
                        Mineola, New York 11501

For Defendant           John J. Doody, Esq.
Armor Correctional      John A. Anselmo, Esq.
Health Services, Inc:   Lewis Brisbois Bisgaard & Smith LLP
                        77 Water Street, Suite 200
                        New York, New York 10005
```

SEYBERT, District Judge:

On or around January 23, 2017, incarcerated pro se plaintiff Anthony Grice ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis ("IFP"). (Compl., D.E. 1; IFP Mot., D.E. 2.) On February 6, 2017, the Court issued an Order granting IFP, directing service of the Complaint, and dismissing claims

against Nassau County Correction Center.  (See generally Feb. 6 2017 Order, D.E. 6; id. at 2 n.1.)  On March 29, 2017, Defendant Officer Sperling filed an Answer (D.E. 10) and, on March 30, 2017, Magistrate Judge Arlene R. Lindsay entered a discovery scheduling order (Scheduling Order, D.E. 11).  However, the Scheduling Order that was mailed to Plaintiff was returned to the Court and marked "Return to Sender," "Unable to Forward," and "Unclaimed."  (See D.E. 15.)

On February 23, 2017, Plaintiff initiated another action (assigned Docket Number 17-CV-1232), arising out of the same events asserted here, against Officer Sperling, the Nassau County Sheriff's Department (the "Sheriff's Department"), the County of Nassau ("Nassau County"), and Michael J. Sposato ("Sheriff Sposato").  In an Order dated August 2, 2017, the Court granted IFP, dismissed Plaintiff's claims against the Sheriff's Department with prejudice and against Nassau County and Sheriff Sposato without prejudice, and consolidated Plaintiff's second action with this action "[b]ecause the remaining claims against Officer Sperling . . . are repetitive of the claims alleged in the First Complaint and are against the same Defendant."  (Aug. 2, 2017 Order, D.E. 20.)

On November 2, 2017, Judge Lindsay directed Plaintiff to

2

to show cause, in writing, as to why this case should not be dismissed for failure to prosecute. (Nov. 2, 2017 Order, D.E. 28.) On February 13, 2018, counsel appeared on behalf of Plaintiff (D.E. 35) and requested leave to file an amended complaint (D.E. 36.) The Court entered various orders regarding the parties' consent to an amended complaint and on April 23, 2018, Plaintiff filed an amended Complaint. (Am. Compl., D.E. 47.) After the County Defendants and defendant Armor Correctional Health Services, Inc. ("Armor") filed Answers (D.E. 49 and D.E. 53, respectively), Plaintiff's counsel filed a notice to withdraw as counsel on October 23, 2018 (see D.E. 53). On November 16, 2018, this Court held a hearing and granted Plaintiff's counsel's motion to withdraw "with Plaintiff's consent, and with no opposition from defendants." (Nov. 16, 2018 Min. Entry, D.E. 55.) Thereafter, Judge Lindsay scheduled a hearing for December 17, 2018 and Plaintiff failed to appear. (Dec. 17, 2018 Min. Entry, D.E. 56.) Judge Lindsay rescheduled the hearing to January 8, 2019 and warned Plaintiff that his failure to appear would result in a recommendation to this Court "that the action be dismissed with prejudice." (Id.) Both the Clerk of the Court and Defendants mailed a copy of Judge Lindsay's December 17, 2018 Order to Plaintiff at his address of record. (See id.; see also D.E. 58).

3

On January 2, 2019, mail sent to Plaintiff at his address of record was returned to the Court as undeliverable and marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward." (See D.E. 56.) To date, Plaintiff has not provided an updated address nor has he otherwise communicated with the Court.

The Court finds that given the circumstances, dismissal without prejudice is appropriate. It is within the Court's inherent power "to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." Brown v. Dantzler, No. 09-CV-0921, 2009 WL 2899869, at *2 (E.D.N.Y. Sept. 3, 2009) (citing Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009)). "Consistent with that inherent authority," Federal Rule of Civil Procedure 41(b) empowers the Court, "in the exercise of its sound discretion, to dismiss an action '[i]f the plaintiff fails to prosecute[.]'" Id. (quoting FED. R. CIV. P. 41(b)). When dismissing a case for failure to prosecute, the Court considers whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Lewis, 564 F.3d at 576).

4

All factors weigh in favor of dismissal. First, the docket is riddled with evidence of Plaintiff's on-and-off participation in this action. More seriously, he has not communicated with the Court for two years. As such, dismissal is appropriate where, as here, Plaintiff has engaged in a "pattern of dilatory conduct" resulting in "an action lying dormant with no significant activity to move it." Barahman v. Sullivan, No. 87-CV-2405, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992). As for the second factor, the Court has tried to provide Plaintiff with notice but has no means of doing so because he has not updated his address in over two years.[1]  "The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal quotation marks and citation omitted); Laney v. Ramirez, No. 10-CV-9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases); Ling v. Suffolk Co. Corr. Facility, No. 00-CV-4339, 2009 WL 1918374, at *1 (E.D.N.Y. June 29, 2009) (Seybert, J.) (adopting

---

[1] Moreover, on November 17, 2020, the Clerk's office attempted to contact Plaintiff by phone at his number of record and left a voicemail informing him that mail sent to him at the address of record has been returned as undeliverable, he should update his address of record in writing, and, per prior court orders, his failure to do so may result in dismissal of this action.

5

report and recommendation and dismissing pro se complaint without prejudice where the plaintiff failed to communicate with the Court for two years and he had not "contacted the Court with his current address, as is his responsibility."). The third factor further supports dismissal because "when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed." Alomar, 2010 WL 451047, at *2. As to the fourth factor, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, No. 05-CV-4690, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Finally, as for the fifth factor, "no lesser sanction would be effective, since petitioner would be unaware that any sanction had been imposed." Lewis v. Power, No. 04-CV-6128, 2007 WL 160759, at *2 (W.D.N.Y. Jan. 17, 2007).

In summary, "the facts of the present case strongly indicate that [Plaintiff] has not only failed to prosecute his claims, but has apparently abandoned his case altogether." Baraham, 1992 WL 226293, at *1. Accordingly, this action is DISMISSED without prejudice for failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED. Within fourteen (14) days

6

of the date of this Order, Defendants shall confer and mail a copy of this Order to the pro se Plaintiff at his address of record and file proof of service to the docket.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  December  4 , 2020
        Central Islip, New York

---

[2] It is likely that this Order will also be returned to Defendants as undeliverable.  However, like all of the Orders in this case, it will be posted to the Court's Electronic Case Filing system and may be viewed there.